HOPPENSTAND v. MACK–INTERNATIONAL MOTOR TRUCK CORPORATION.

No. 6155.

Circuit Court of Appeals, Third Circuit.

March 9, 1937.

Moseley Arthur Keller, Henry Oliver Evans, Oliver Evans, and Thomas W. Pomeroy, Jr., all of Pittsburgh, Pa., for appellant.

Stebbins, Blenko & Parmelee, of Pittsburgh, Pa. (Clarence B. Zewadski, of Detroit, Mich., and Charles G. Randall, of Lansing, Mich., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Hoppenstand, to whom issued on November 7, 1933, patent No. 1,933,908, charged defendant with infringement of claims thereof. Validity of such claims was admitted, but infringement thereof denied. On final hearing, the court held defendant did not infringe; thereupon the patentee took this appeal.

The case concerns gear shifting automobile mechanism and reference to the exhaustive opinion of the trial judge, reported in 18 F.Supp. 815, saves needless restatement of the complicated mechanism involved. After full consideration of all questions involved, this court finds itself in such entire accord with the able opinion of the trial judge that it is satisfied to adopt the same as representing our views and affirming the decree below. Indeed, an attempt by this court to spread an additional opinion on the record could not but be a studied effort to use different language to express what the trial judge has clearly and sufficiently stated. We, therefore, limit ourselves to referring to the major points involved.

■ It will be noted that the plaintiff's patent for "Gear Shifting Mechanism," and the patent to Thomas for "Control Mechanism for Change-speed Gearing," under which defendant is working, passed through the patent office at the same time without interference granted. Such being the fact, Boyd v. Jonesville Hay Tool Co., 158 U.S. 260, 15 S.Ct. 837, 39 L.Ed. 973, applied, wherein it was said:

"As both applications were pending in the patent office at the same time, and as the respective letters were granted, it is obvious that it must have been the judgment of the officials that there was no occasion for an interference, and that there were features which distinguished one invention from the other."

■ Moreover, as the Thomas patent was in commercial use and plaintiff's was not, the trial court was justified in holding:

"The patent in suit was granted November 1, 1933. It has not gone into commercial use nor has it had commercial success. The automobile industry is alert to procure improvements. The construction of the claims involved should receive a more restricted interpretation as compared with claims of a device of established commercial value."

■ It will also be noted that as held by the trial judge, "the patent in suit provides for a progressive system of changing gears," while "the Thomas patent provides for a selective system of changing gears." And the operative difference between the two is that the patent in suit is for a single compound cam so constructed that it is simply rotated to transmit a reciprocating and rocking movement to the cross shaft, while defendant's device requires that two distinct movements must be transmitted to the gear shifting mechanism in order to cause the cross shaft to slidably shift and rock. This is clearly shown in the findings of difference made by the trial court, viz.:

"The operator can only rotate the hand lever in a simple circular path, either clockwise or counter-clockwise, to obtain the gear ratio desired. This rotary movement of the hand lever is transmitted to the compound cam which rotates in like manner. By this mechanism Hoppenstand has transformed the conventional selective transmission shown in his drawings, into a progressive transmission."

So regarding, the decree below is affirmed.